IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-00675-GPG

PAUL WRIGHT,

     Plaintiff,

v.

DR. DAVID ALLRED,

     Defendant.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Paul Wright, is a prisoner in the custody of the Federal Bureau of Prisons.  He initiated this action on March 21, 2016 by filing *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  Mr. Wright has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Wright's Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Wright will be directed to file an amended complaint if he wishes to pursue any claims in this action.

The Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may

respond and to allow the Court to conclude that the allegations, if proven, show that the

plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v.*

*American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The

requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991),

*aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate

Rule 8.

The Complaint is unnecessarily verbose and rambling.  At times, Mr. Wright's

single-spaced handwriting makes reading and understanding the allegations in the

Complaint difficult.  Rule 10.1 of the Local Rules of Practice for this Court requires that

all papers filed in cases in this Court be double-spaced and legible, utilizing upper and

lower case lettering.  *See* D.C.COLO.LCivR 10.1(e),(g).

The Complaint also fails to provide "a generalized statement of the facts from

which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc.,*

*v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is

sufficient, and indeed all that is permissible, if the complaint concisely states facts upon

which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Wright's responsibility to present his claims in a manageable and readable format that allows the Court and the Defendant to know what claims are being asserted and to be able to respond to those claims. Mr. Wright must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of Defendant that allegedly violated his rights. The Court does not require a long, chronological recitation of facts. Nor should the Court or Defendant be required to sift through Mr. Wright's verbose allegations to determine the heart of each claim. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Complaint does not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1. Mr. Wright, however, will be given an opportunity to cure these deficiencies by submitting an amended complaint that is legible in compliance with D.C.COLO.LCivR 10.1 and states claims clearly and concisely in compliance with Fed. R. Civ. P. 8. The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended complaint.

3

In addition, Mr. Wright is advised that, in order to state a claim in federal court, he "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Moreover, in the context of a medical treatment claim, Mr. Wright must state exactly what objectively serious medical need he was suffering from and what Defendant did that amounted to deliberate indifference to that need. He must provide specific dates and allege simple, concise, and direct facts that support his claim against Defendant.

Mr. Wright also is advised that the statute of limitations for a *Bivens* action arising in Colorado is two years. *See Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968, and n. 4 (10th Cir. 1994). Under federal law, the statute of limitations begins to run " when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action." *Id.* at 968-69. Thus, Mr. Wright cannot file a *Bivens* claim based on Defendant's actions that occurred prior to March 2014.

Accordingly, it is

ORDERED that Plaintiff, Paul Wright, **within thirty (30) days from the date of this order**, file an amended complaint that complies with this order. It is

FURTHER ORDERED that Mr. Wright shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that

form in submitting the amended complaint.  It is

FURTHER ORDERED that, if Mr. Wright fails to file an amended complaint that

complies with this order within the time allowed, the action may be dismissed without

further notice.

DATED at Denver, Colorado, this 24th day of ___March___, 2016.

BY THE COURT:

S/ Gordon P. Gallagher

_____
GORDON P. GALLAGHER
States Magistrate Judge

5